NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMADA WORLDWIDE INC.,** | Civ. No. 2:13-3898 (WJM) |
| **Plaintiff,** | |
| v. | **ORDER** |
| **NISH JOBALIA a/k/a NISHITH B. JOBALIA,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendant Nish Jobalia, also known as Nishith B. Jobalia ("Defendant"), and pursuant to Federal Rule of Civil Procedure 55(b)(2).  Plaintiff commenced this action on June 25, 2013.  ECF No. 1.  Plaintiff served the Complaint on Defendant on July 18, 2013.  ECF No. 5.  The time for Defendant to answer or otherwise respond to the Complaint expired on August 8, 2013.  *See* Fed. R. Civ. P. 12(a).  To date, Defendant has failed to answer or otherwise respond to the Complaint.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendant on December 12, 2013.  ECF No. 6.  Plaintiff filed the instant motion for default judgment on May 23, 2014, and served Defendant with notice of the motion on May 23, 2014.  ECF No. 9.  No opposition has been filed.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, the Court finds that there is no basis for Defendant to claim a meritorious defense, as Plaintiff provided ample evidence that Defendant entered into and then breached a license agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Second, it is clear that Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b) and has

submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons and for good cause shown;

**IT IS** on this 17th day of June 2014, hereby,

**ORDERED** that Plaintiff's motion for default judgment against Defendant is hereby granted; and it is further

**ORDERED** that final judgment is to be entered in favor of Plaintiff and against Defendant, in the total amount of $540,217.57 comprised of the following:

(1) $279,026.17 in recurring fees (including prejudgment interest);

(2) $256,673.68 in liquidated damages (including prejudgment interest); and

(3) $4,517.72 in attorneys' fees and costs.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**